**Opinion issued February 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01091-CR

———————————

## JOCOBI THOMAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1451303**

---

## MEMORANDUM OPINION

Appellant, Jocobi Thomas, pled guilty to the offense of credit card abuse involving the elderly, a third degree felony. In accordance with Thomas's plea bargain with the State, the trial court sentenced Terry on November 19, 2015 to

seven years in the Institutional Division of the Texas Department of Criminal Justice. On December 11, 2015, Thomas filed a notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

2

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).